IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL TOOSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:02-cv-737-F |
| | )          WO |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF TRANSPORTATION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Paul Tooson (hereinafter "Plaintiff") brings this civil action against numerous defendants alleging race discrimination and retaliation claims pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. (Doc. # 9, Am. Compl). Plaintiff also alleges disability discrimination and retaliation claims under 29 U.S.C. § 791, *et seq.*, and the Americans with Disabilities Act.

This action is presently before the Court on the motion to dismiss filed by the defendants. (Doc. # 10). For the reasons that follow, the court concludes that the motion is due to be GRANTED in part and DENIED in part.

**I. FACTS[1] AND PROCEDURAL HISTORY**

The allegations in the Amended Complaint set forth the following facts.

---

[1] For purposes of considering the defendants' motions to dismiss, the court presumes that the allegations in the Amended complaint are true.

*A.     Facts*

Plaintiff was hired by the Alabama Department of Transportation (hereinafter "ALDOT") in 1977 as an Engineering Assistant I, and was promoted to the classification of Civil Engineer in 1998. According to Plaintiff, he is an African-American male who is disabled. Plaintiff claims that he suffers from manic depression, anxiety, and post-traumatic stress disorder, and that these conditions substantially limit his ability to work and other major life activities.

In 1992, he testified in the widely known case *Reynolds v. Alabama Department of Transportation*, 2:85-cv-665-T.[2] Plaintiff's testimony related to the racial discrimination he allegedly faced during his tenure at ALDOT, particularly in the areas of promotion denials and racial harassment. Six years later, in 1998, Plaintiff testified again in the *Reynolds* action regarding continued discrimination and harassment at ALDOT.

According to Plaintiff, his testimony in the *Reynolds* case spawned discord at ALDOT. After testifying, Plaintiff was subjected to harassment by his supervisors. For instance, he complains that when he returned from court after testifying, one of his supervisors told him that he would be placed on leave without pay status for the days spent in court, despite his subpoena to appear. Plaintiff also complains that he has been falsely accused of falsifying expense account reports; his attendance and punctuality have been

---

[2] *Reynolds* is a class action race discrimination lawsuit that was filed in 1985 by African-American employees and applicants of the ALDOT.

unjustly criticized;[3] he has been suspended for rules violations he did not commit; he has been assigned a heavier workload than his Caucasian co-workers; he has been assigned additional employees to train; and he has been scolded by supervisors in his office for testifying in the *Reynolds* case.

Moreover, Plaintiff complains that this retaliatory and discriminatory treatment of his supervisors has caused, at least in part, his manic depression and anxiety. He was diagnosed with these medical conditions in 1994, two years after testifying in *Reynolds*, and maintains that his supervisors have been aware of these conditions since the diagnosis. These medical conditions have resulted in Plaintiff's hospitalization six times during the span of seven years[4] and immediately after three of these hospitalizations, Plaintiff was suspended from ALDOT.[5]

On January 9, 2001, Plaintiff filed an internal grievance with ALDOT contending that he was the target of discrimination and retaliation. Four months later, on May 7, 2001, Plaintiff received notification from ALDOT that his employment was being terminated. As a result of his termination, Plaintiff filed this civil action.

B.    *Present Action*

On June 28, 2002, Plaintiff filed suit against the following defendants: the State of

---

[3] Plaintiff alleges that his attendance was unfairly criticized as Caucasian employees with worse attendance were not subjected to criticism.

[4] This time span is from 1994 to 2001.

[5] The most recent suspension occurred in September 2000.

Alabama Department of Transportation (hereinafter "ALDOT"); Paul Bowlin (hereinafter "Bowlin"), in his official capacity as Director of ALDOT; and James Horsley (hereinafter "Horsley"), in his official capacity as Division Engineer for the Third Division of ALDOT. (Doc. # 1, Compl.). As mentioned previously, in this lawsuit, Plaintiff asserts race discrimination and retaliation claims pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"), 42 U.S.C. § 1981 (hereinafter "Section 1981") and 42 U.S.C. § 1983 (hereinafter "Section 1983"); as well as disability discrimination and retaliation claims under 29 U.S.C. § 791, *et seq.* (hereinafter "the Rehabilitation Act of 1973") and the Americans with Disabilities Act (hereinafter "ADA"). (Doc. # 9, Am. Compl). Plaintiff asserts that he has met all administrative conditions precedent for filing his lawsuit under Title VII and the ADA. (*Id.* at ¶ 3). Plaintiff seeks a trial by jury, injunctive relief, compensatory damages, court costs, attorneys' fees and expenses. (*Id.*). On August 28, 2002, the defendants filed a motion to dismiss and memorandum brief in support thereof seeking dismissal of Plaintiff's Complaint. (Docs. # 5 & 6). On September 17, 2002, Plaintiff amended his Complaint. (Doc. # 9, Am. Compl.).

On October 4, 2002, the defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. # 10). Plaintiff filed his opposition to the motion on November 14, 2002. (Doc. # 17). The motion is fully briefed and ripe for consideration by the court.

## II. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant 28 U.S.C. §

1331 (federal question) and 28 U.S.C. § 1343 (civil rights). (Doc. # 9). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

### III. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

### IV. DISCUSSION

Defendants argue that Plaintiff's claims under § 1981, § 1983, the Rehabilitation Act and the ADA should be dismissed in their entirety. Defendants also argue that Plaintiff's claims under Title VII which occurred more than 180 days prior to the filing of his EEOC charge should be barred as untimely and his claims under § 1983, Title II of the ADA, and

5

the Rehabilitation Act which occurred more than two years prior to the filing of his Complaint should be barred as untimely. Finally, Defendants argue that Plaintiff's request for a jury trial is due to be stricken. The Court addresses each of these arguments in turn.

*A.     Claims Under §§ 1981 and 1983 Against Defendants Bowlin and Horsley*

By the Amended Complaint, Plaintiff brings two counts against Defendants Horsley and Bowlin, in their official capacities, for violations of §§ 1981 and 1983. (Am. Compl. ¶¶ 18-20, 24-27). Namely, Count II and Count IV of the Amended Complaint allege race discrimination and retaliation claims, respectively, in violation of § 1981. In these Counts, Plaintiff further states that he asserts these claims through § 1983.

*1.     Merger of Claims*

At the outset, the court notes that Plaintiff properly combined his §§ 1983 and 1981 claims in the Amended Complaint. However, the Court must clarify that "[w]here the defendants are state actors, as here, a plaintiff's § 1981 claims merge into his or her § 1983 claims, and courts treat the claims as 'a single claim.'" *Taylor v. Ala.*, 95 F. Supp. 2d 1297, 1309 (M.D. Ala. 2000) (citing *Godby v. Montgomery Co. Bd. of Educ.,* 996 F. Supp. 1390, 1411 (M.D. Ala. 1998)); *see also Moore v. State of Ala.,* 989 F. Supp. 1412, 1420-21 (M.D. Ala. 1997), *aff'd,* 178 F.3d 1303 (11th Cir. 1999); *Malone v. Parker*, 953 F. Supp. 1512, 1517 (M.D. Ala. 1996); *Busby v. City of Orlando,* 931 F.2d 764, 771-772 n. 6 (11th Cir. 1991) (noting that "section 1981 can provide no broader remedy against a state actor than section 1983"). "The Supreme Court has ruled that 'the express cause of action for damages created

6

by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units . . . ." *Pearson v. Macon-Bibb County Hosp. Auth.,* 952 F.2d 1274, 1278 n. 3 (11th Cir. 1992) (quoting *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 733 (1989)). Thus, Plaintiff "has no claim for damages against the [defendants] in this case under § 1981. To the extent that injunctive relief remains available to him under § 1981, it would simply duplicate the equitable relief he could receive under § 1983." *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1481 (11th Cir. 1991).

However, the court is not required to, and need not, dismiss Plaintiff's merged § 1981 claims. *Taylor,* 95 F. Supp. 2d at 1309. As explained in *Godby,* "where claims have merged . . . , it is not necessary for th[e] court to dismiss them on that basis. The court need only treat them as a single claim." 996 F. Supp. at 1411 n. 14. Thus, because Plaintiff's §§ 1981 and 1983 claims are one and the same, the court will treat them as one claim and henceforth will refer only to § 1983 in analyzing these claims.

   2.   *Section 1983 Claims*

The court now turns to address Plaintiff's § 1983 claims. The Amended Complaint fails to specifically state the alleged constitutional deprivation upon which Plaintiff bases his § 1983 claim.[6] Notwithstanding, the court assumes for the purposes of this motion that

---

[6] Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights," rather it provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan,* 443 U.S. 137, 144 (1979).

Plaintiff's racial discrimination claims brought under § 1983 are *de facto* claims alleging a violation of his right to equal protection as provided in the Fourteenth Amendment.[7]

Defendants Bowlin and Horsley, who are sued only in their official capacities, contend that Plaintiff's § 1983 claims against them are due to be dismissed because they "are not persons subject to suit under § 1983." (Doc. # 11, Mem. Brief p. 4). Defendants Bowlin and Horsley also contend that "the Eleventh Amendment immunity" bars Plaintiff's § 1983 claims to the extent Plaintiff seeks monetary damages. (*Id*. at p. 5). To the extent Plaintiff seeks prospective injunctive relief, Defendants Bowlin and Horsley concede that they are not immune. (*Id*.). However, Defendants Bowlin and Horsley further argue that the exception to Eleventh Amendment immunity which permits prospective injunctive relief is not applicable to Plaintiff's claims because he is not "seeking relief to end a continuing violation of federal law." (*Id*.). Thus, Defendants Bowlin and Horsley conclude that Plaintiff's § 1983 claims against them are due to be dismissed.

The court agrees *in part* with Defendants Bowlin and Horsley. First, Defendants Bowlin and Horsley are correct that defendants sued in their official capacity in § 1983 actions are not subject to suit for monetary damages because such parties are not considered

---

[7] "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." *Washington v. Davis,* 426 U.S. 229, 239 (1976). The Equal Protection clause protects individuals from treatment based upon "improper motives" such as race. *Bass v. City of Albany,* 968 F.2d 1067, 1069 (11th Cir. 1992); *see also Busby,* 931 F.2d at 774 (holding that the equal protection clause provides the plaintiff "a right to be free from racial discrimination") (citation omitted).

"persons" for purposes of section 1983 liability. *See Besselaar v. Siegelman,* 2001 WL 936196, *8 (S.D. Ala. 2001). Second, Defendants Bowlin and Horsley are correct that the Eleventh Amendment prohibits Plaintiff's § 1983 action seeking compensatory and punitive damages against them in their official capacities. *See Taylor,* 95 F. Supp. 2d at 1311. "Lawsuits against a state official in his or her official capacity are suits against the state when the state is the real, substantial party in interest." *Id.* (quoting *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir. 1990) (internal quotations omitted)). Where a plaintiff asks for monetary damages from a state employee in his or her official capacity, "the state is considered the real party in interest because an award of damages would be paid by the state." *Id.* Based on these principles, the Court finds that the motion to dismiss is due to be granted on Plaintiff's § 1983 claims for compensatory and punitive damages against Defendants Bowlin and Horsley in their official capacities.

However, regarding Plaintiff's request for injunctive relief under § 1983, the court finds that the law dictates a different result. As explained by this court in *Taylor,*

> in interpreting the Eleventh Amendment, courts distinguish between suits against a state or state agency and those against state employees. When federal rights are asserted against state employees sued in their official capacities, the Eleventh Amendment prohibits claims for retrospective monetary relief (i.e., compensatory and punitive damages) paid from the state treasury but not prospective equitable relief (i.e., declaratory and injunctive relief). *See Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 ... (1908) (holding that a plaintiff seeking prospective relief from the state must name as a defendant a state official rather than the state or a state agency directly even though in reality the suit is against the state).

95 F. Supp. 2d at 1311. Eleventh Amendment sovereign immunity may not apply to bar

9

relief under § 1983 when a state official is sued for prospective injunctive relief to "end a continuing violation of federal law." *See Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 73 (1996) (quoting *Green v. Monsour,* 474 U.S. 64, 68 (1986)).

Moreover, a state employee's demand for reinstatement constitutes prospective relief that is not barred by the Eleventh Amendment. *See Cross v. Ala.,* 49 F.3d 1490 (11th Cir. 1995) (prospective relief of reinstatement not barred by Eleventh Amendment). It is well-established that the equitable remedy of reinstatement is not barred by the Eleventh Amendment. *See Lassiter v. Ala. A & M Univ., Bd. of Trs.,* 28 F.3d 1146, 1152 n. 9 (11th Cir.1994) (adopting conclusions reached by the panel in *Lassiter II* ); *Lassiter v. Ala. A & M Univ., Bd of Trs., (Lassiter II),* 3 F.3d 1482, 1485 (11th Cir. 1993) (§ 1983 claim against University President in his official capacity, seeking prospective relief of reinstatement, was not barred by the Eleventh Amendment)*; Flood v. State of Ala. Dep't of Indus. Relations,* 948 F. Supp. 1535 (M.D. Ala. 1996) (finding no jurisdictional impediment to an action against defendant in his official capacity under § 1983 for the sole purpose of obtaining prospective injunctive relief of reinstatement); *LaFleur v. Wallace State Cmty. Coll.,* 955 F. Supp. 1406, 1423 (M.D. Ala. 1996) (an order of reinstatement is type of prospective relief).

In light of the foregoing, the court finds that Plaintiff's § 1983 claims seeking injunctive relief –that is, reinstatement–against Defendants Bowlin and Horsley in their official capacities are proper. The Eleventh Amendment poses no bar to Plaintiff's § 1983 claims to the extent that he seeks only reinstatement. Therefore, the motion to dismiss

10

Plaintiff's § 1983 claims on the ground that Plaintiff cannot obtain injunctive relief against Defendants Bowlin and Horsley in their official capacities is due to be denied.

B.    *Claims Under Rehabilitation Act and ADA*

Defendants argue that Plaintiff's claims under Titles I and II of the ADA and § 504 of the Rehabilitation Act–namely, Count V of the Amended Complaint–should be dismissed based on the immunity granted by the Eleventh Amendment. Defendants further argue that these claims against Defendants Bowlin and Horsley in their official capacities should be dismissed because the *Ex parte Young* exception does not apply. The court finds that these arguments of the Defendants are without merit.

The *Ex parte Young* exception was recognized in the ADA context in *Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 374 n. 9 (2001). The Supreme Court in *Garrett* first concluded that States are entitled to sovereign immunity under the Eleventh Amendment for suits for monetary damages under Title I of the ADA. In a footnote, however, the Supreme Court reaffirmed the *Ex parte Young* exception, noting that its holding about monetary damages did not preclude suits under Title I of the ADA against state officials in their official capacities for injunctive relief:

> Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, *as well as by private individuals in actions for injunctive*

11

> *relief under Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)....

*Id.* at 374 n. 9 (emphasis added). Although the above footnote was in the context of Title I rather than Title II of the ADA, and although the Supreme Court in *Garrett* emphasized it was ruling only on Title I, the Eleventh Circuit has found that there is no reason "that claims under Title II should be treated differently with regard to injunctive relief." *Miller v. King,* 384 F.3d 1248, 1264 -1265 (11th Cir. 2004).[8] Thus, in *Miller*, the Eleventh Circuit held that the Eleventh Amendment does not bar ADA suits under Title II for prospective injunctive relief against state officials in their official capacities. *Id.*

Accordingly, in light of *Miller*, and this court's finding above, the court concludes that the Eleventh Amendment poses no bar to Plaintiff's claims pursuant to Titles I and II of the ADA and § 504 of the Rehabilitation Act to the extent that he seeks prospective injunctive relief– to wit, reinstatement. Therefore, Defendants' motion to dismiss on this ground is due to be denied.[9]

---

[8] As discussed in greater detail in *Miller*:

> ADA Title II's terms do not authorize a suit against an individual; rather, they subject only a "public entity" to liability. 42 U.S.C. § 12132. However, in an official-capacity suit for injunctive relief, the real party in interest is the government entity. Thus, a suit against a state official in his or her official capacity is in effect against a "public entity" and is authorized by § 12132. *See Henrietta D. v. Bloomberg,* 331 F.3d 261, 288 (2d Cir. 2003).

384 F.3d 1264 n. 16.

[9] The court notes that Defendants also argue that Plaintiff's claim under Title I of the ADA is due to be dismissed as barred by the statute of limitations because it was not asserted in the initial Complaint. (Doc. # 11, p. 6). The court finds that this argument is without merit. "In general,

*C.     Untimely Claims*

Defendants argue that Plaintiff's claims under Title VII which occurred more than 180 days prior to the filing of his EEOC charge should be barred as untimely. Defendants also argue that Plaintiff's claims brought pursuant to § 1983, Title II of the ADA, and the Rehabilitation Act are due to be dismissed to the extent that the alleged violations occurred two years prior to the filing of his Complaint. In response, Plaintiff asserts that he is not attempting to assert claims based on adverse actions taken outside of the limitations period. (Doc. # 17, p. 6). Rather, Plaintiff claims that "such actions are referenced in Plaintiff's Complaint [sic] they are for the purpose of background evidence which is relevant to Plaintiff's timely-brought claims." (*Id*. at pp. 6-7). Accordingly, as Plaintiff has clarified– and thus it is undisputed– that no untimely claims are alleged in the Amended Complaint, the motion to dismiss is due to be denied on this ground.

*D.     Jury Demand*

Lastly, Defendants argue that Plaintiff's demand for a jury trial is due to be stricken

---

relation back is permitted under Rule 15(c)(2) [of the Federal Rules of Civil Procedure] where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co. of Am.,* 93 F.3d 372, 379 (7th Cir. 1996) (citations omitted). Here, Plaintiff's ADA claim raised in his Amended Complaint clearly arises from the same core facts as the Rehabilitation Act claim he raised in his original timely Complaint. Plaintiff's failure to accommodate claim under the ADA involves the exact same conduct as his failure to accommodate claim under the Rehabilitation Act. Thus, although Plaintiff did not refer specifically to the ADA in his initial Complaint, the claim relates back to his initial Complaint and is not time-barred. *See Wagner v. Il. Dept. of Public Aid,* 1999 WL 1016263, *4 (N.D. Ill. 1999) (holding that plaintiff's failure to accommodate claim under the Rehabilitation Act in Second Amended Complaint relates back to her failure to accommodate claim under the ADA which she raised in her original timely Complaint).

because he seeks only prospective, injunctive relief from Defendants. Plaintiff properly argues, however, that he is seeking compensatory damages under Title VII and, as a result, is entitled to have his case heard by a jury. The court agrees.

"It is well established that prior to the 1991 Amendments to Title VII, 'there [was] no right to trial by jury in cases arising under Title VII.'" *Mays v. U.S. Postal Serv.,* 928 F. Supp. 1552, 1563 (M.D. Ala. 1996) (quoting *Lehman v. Nakshian,* 453 U.S. 156, 164 (1981)). "In 1991, Title VII was amended to provide in part for the right to trial by jury." (*Id.*) *See* 42 U.S.C. § 1981a(c).[10] The 1991 Amendments became effective on November 21, 1991. (*Id.*). Accordingly, as Plaintiff's claims occurred well *after* November 21, 1991, he is entitled to a jury trial on his Title VII claims. Defendants' motion to dismiss on this ground is due to be denied.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the defendants' motion to dismiss (Doc. # 10) is GRANTED in part and DENIED in part. Specifically, the motion is GRANTED in relation to Plaintiff's § 1983 claims for compensatory and punitive damages

---

[10] § 1981a(c) provides:

  Jury trial
  If a complaining party seeks compensatory or punitive damages under this section--
  (1)  any party may demand a trial by jury; and
  (2)  the court shall not inform the jury of the limitations described in subsection (b)(3) of this section.

42 U.S.C.A. § 1981a

against Defendants Bowlin and Horsley in their official capacities, and DENIED in all other respects.

It is further ORDERED that Defendants shall file a responsive pleading to the Amended Complaint on or before May 19, 2005.

DONE this 5th day of May, 2005.

                                                /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE